UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMIE GARCIA ALVAREZ, *individually and on behalf of others similarly situated*,

                Plaintiff,

-against-

DYCKMAN ELECTRONICS CENTER, INC. d/b/a DYCKMAN ELECTRONICS, FRONT ROW ELECTRONICS d/b/a DYCKMAN ELECTRONICS, AVRAHAM OZ, JACKIE OZ, NURIEL GUEDALIA, ANGELA TORRES,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/21/2021

1:19-cv-9255 (MKV)

ORDER

MARY KAY VYSKOCIL, United States District Judge:

    The Court is in receipt of a letter from Plaintiff informing the Court that the parties have reached a settlement in principle [ECF #42].  Because Plaintiff's Complaint asserts claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, judicial approval is required for settlement.  *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (holding that FLSA settlements require the approval of either the district court or the United States Department of Labor).  "In deciding whether to approve a stipulated settlement, the Court must scrutinize the settlement for fairness." *Boucaud v. City of New York*, No 07-cv-11098 (RJS), 2010 WL 4813784, at *1 (S.D.N.Y. Nov. 16, 2010).

    Accordingly, IT IS HEREBY ORDERED that, by February 16, 2021, the parties shall submit a joint letter to the Court explaining why the proposed settlement reflects a "fair and 'reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting *Mosquera v. Masada Auto Sales, Ltd.*, No. 09-cv-4925 (NGG), 2011

WL 282327, at *1 (E.D.N.Y. Jan. 25, 2011)).  Specifically, the parties should address the following factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Id.* (quoting *Medley v. Am. Cancer Soc.*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).  The letter must also address whether there is a *bona fide* dispute as to the number of hours worked or the amount of compensation due and how much of the proposed settlement Plaintiff's attorney shall be seeking as fees.  *Cheeks*, 796 F.3d at 203, 206.  Absent special circumstances, the Court will not approve any settlement agreement that is filed under seal or in redacted form.  *Id*. at 206.

All other filing deadlines and appearance dates are adjourned *sine die*.  The Clerk of Court is respectfully directed to terminate the letter motion pending at docket entry 42.

**SO ORDERED.**

Date:  **January 21, 2021**  
       **New York, NY**

_____  
**MARY KAY VYSKOCIL**  
**United States District Judge**