# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 East 42nd Street, 4510                                                  Telephone: (212) 317-1200
New York, New York 10165                                              Facsimile: (212) 317-1620

—————

gnaydenskiy@faillacelaw.com

April 8, 2021

**VIA ECF**

Honorable Judge Mary Kay Vyskocil
United States Courthouse
500 Pearl St.
New York, NY 10007

Re:  Garcia Alvarez et al v. Dyckman Electronics Center, Inc. et al
**19-cv-09255-ALC-SN**

Your Honor:

This office represents Plaintiff in the above referenced matter.  The parties have agreed to a settlement ("Agreement") after attending a mediation.  A copy of the Agreement is attached hereto as Exhibit A.  We therefore ask the Court to approve the settlement, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) and to retain jurisdiction of the matter.

## **BACKGROUND**

Plaintiff filed his Complaint against Defendants alleging claims for unpaid overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*, and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).  Defendants denied and continue to deny the allegations as asserted in the Complaint.

*Certified as a minority-owned business in the State of New York*

## SETTLEMENT TERMS

Plaintiff alleges he would be entitled to back wages of approximately $46,141.55 and a total of approximately $118,204.81 including liquidated damages, interest, spread of hours, wage notice violations and wage statement violation claims as his best case scenario. According to Defendants, Plaintiff was paid properly in compliance with the wage laws and provided documents for most of the alleged time period. Defendants contend that the records provided can be applied to the time period wherein record do not exist. Therefore, Defendants believe they paid in accordance with the wage laws.

Assuming *arguendo*, Defendants records are correct then Plaintiff believes he would still be entitled to minimum wage claims for the years of 2017-2019. Accordingly, wages owed would be $5,892.50 and a total of $20,714.09 including liquidated damages, interest, wage notice violations and wage statement violation claims as his best case scenario. However, even though Plaintiff believes he will prevail that both corporations were his employers, Defendants contend that Plaintiff was only employed by one of the corporate defendants and that the minimum wage sought is only applicable if the employer has 11 or more employees which they did not have at that company.

Thus, in order to avoid the legal and factual risks of protracted litigation, the parties have agreed to settle the claims for the sum of $39,000. A copy of Plaintiffs' best case damages chart, breaking down each amount sought from Defendants, is attached as Exhibit B. Additionally, a copy of Plaintiff's minimum wage best case scenario is attached as Exhibit C.

A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086,

2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Throughout the litigation, there were contested factual and legal disputes. Therefore, Plaintiff believes the settlement is reasonable because of the risk that he may not prevail on his claims.

<u>**ATTORNEYS' FEES**</u>

Plaintiffs' counsel will receive $13,442.60[1] which consists of 1) $664 in costs subtracted from the $39,000 settlement then divided by 3 which equals $12,778.66 as attorney fees and 2) $664 costs plus $12,778.66 which equals $13,442.60 as attorney fees and costs.

The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. Counsel's lodestar is $9,832.50 in attorneys' fees, making the fee counsel will receive under the agreement reasonable in light of their lodestar.  The following is a summation of the backgrounds and rates of the attorneys who worked on this matter:

      i.      Michael Faillace's work is billed at the rate of $450 per hour, which is his standard billing rate for matters paid on an hourly basis.  Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM).  Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and

---

[1] For ease of calculating the monthly payments, attorney fees were lowered a few pennies from the technical calculation of $13,442.66.

writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations. Faillace's work is indicated by the initials "MF."

 ii. Gennadiy Naydenskiy is a 2013 graduate of the State University of New York at Buffalo Law School, admitted to the New Jersey Bar and the United States District Court, District of New Jersey, in December 2013, the New York Bar in February 2014, the United States District Court, Southern District of New York in June 2014, and the United States District Court, Eastern District of New York in July 2014. Prior to joining Michael Faillace and Associates, P.C. in August 2018, Gennadiy Naydenskiy was a solo practitioner from October 2014, focusing primarily on FLSA wage and hour cases. Prior to founding his solo practice, Gennadiy Naydenskiy was an associate for Harrison, Harrison, and Associates a boutique law firm that focus most of their practice on FLSA wage and hour individual, multi-plaintiff, collective and class actions. Additionally, prior to being an associate, Gennadiy Naydenskiy was a law clerk for Harrison, Harrison, and Associates from May 2012. My billing rate of $350 per hour is reflected in Exhibit C with my initials "GN."[2]

These rates are reasonable given the experience of the attorneys in wage and hour matters, and their performance in this case. *See Perez v. Platinum Plaza 400 Cleaners, Inc.,* Index No. 12-cv-9353 (PAC), 2015 U.S. Dist. LEXIS 78079, *3 n. 1 (S.D.N.Y. June 16, 2015) (awarding requested rates to Michael Faillace and one of his associates at this firm, Joshua Androphy, finding they had "demonstrated entitlement to these rates based on their experience in wage and hour litigation and their performance in this case").

In full consideration of the issues presented in both *Cheeks* and *Wolinsky,* we believe that the parties' agreement is fair and reasonable, and that the settlement should be approved.

Thank you for your consideration in this matter.


Respectfully Submitted,

/s/ Gennadiy Naydenskiy

---

[2] Additionally, Paralegal time marked as "PL" is billed at $100 an hour.

Page 5

Gennadiy Naydenskiy

Encls.

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
----------------------------------------------------------------  X
JAMIE GARCIA ALVAREZ, individually and on           :
behalf of others similarly situated,                             :
                                                                             :        1:19-cv-09255-MKV-SN
                                                                             :
                         Plaintiff,                                        :
                                                                             :        SETTLEMENT AGREEMENT AND
              -against-                                                  :        RELEASE
                                                                             :
DYCKMAN ELECTRONICS CENTER INC. (D/B/A      :
DYCKMAN ELECTRONICS), FRONT ROW              :
ELECTRONICS LLC (D/B/A DYCKMAN                    :
ELECTRONICS), AVRAHAM OZ, JACKIE OZ,         :
NURIEL GUEDALIA, and ANGELA TORRES,         :
                                                                             :
                         Defendants.                                    :
----------------------------------------------------------------  X
```

        This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff Jamie Garcia Alvarez ("Plaintiff") on the one hand, Dyckman Electronics Center Inc. (d/b/a Dyckman Electronics) and Front Row Electronics LLC (d/b/a Dyckman Electronics), ("Defendant Corporations"), Avraham Oz, Nuriel Guedalia, Jackie Oz, and Angela Torres, ("Individual Defendants"), (collectively, "Defendants"), on the other hand.

        WHEREAS, Plaintiff alleges that he worked for Defendants as an employee; and

        WHEREAS, a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 1:19-cv-09255-MKV-SN (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

        WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

        WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

        NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. Payment: Defendants shall pay or cause to be paid to Plaintiff and his counsel, subject to the terms and conditions of this Agreement, ten equal monthly payments of Three Thousand Nine Hundred Dollars and No Cents each ($3,900) totaling the gross sum of Thirty Nine Thousand Dollars and No Cents ($39,000.00) (the "Settlement Amount"). The first payment shall be due within thirty (30) days of approval of this Agreement by the Court, or any order modifying and entering this Agreement, and each subsequent monthly payment shall be due exactly one month after the previous payment becomes due. Each payment shall be broken down as follows:

| | |
|---|---|
| JAMIE GARCIA ALVAREZ | $1,277.87 by IRS Form 1099 and $1,277.87 by W-2 |
| Michael Faillace & Associates, Attorneys' Fees and Costs | $1,344.26 by IRS Form 1099 |

(a) The payments set forth above in this Paragraph shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., at One Grand Central Place, 60 East 42nd Street, Suite 4510, New York, NY 10165.

2. Release and Covenant Not To Sue: As a material inducement to the Defendants to enter into this Agreement, to the fullest extent permitted by law, Plaintiff, and his heirs and assigns in their respective capacity as such, ("Releasors") hereby agree to accept from the Defendants the Settlement Sum, in full resolution and satisfaction of all wage and hour claims brought by Plaintiff in the lawsuit and hereby irrevocably and unconditionally waive, release, and forever discharge the Defendants, their heirs, assigns, affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns, and their current and former employees, attorneys, officers, members, directors and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries, (the "Releasees") from, any and all claims, charges, demands, sums of money, actions, rights, promises, agreements, causes of action, obligations, and liabilities of any kind or nature whatsoever, at law or in equity, whether known or unknown, existing or contingent, suspected or unsuspected, apparent or concealed which Releasors now or in the future may have or claims to have against the Releasees based upon or arising out of any facts, acts, conduct, omissions, transactions, occurrences, contracts, events, causes, matters, or things limited to those asserted in the Complaint or which could have been asserted under the Fair Labor Standards Act of 1938 (the "FLSA") or the New York Labor Law (the "NYLL"), existing or occurring or claimed to exist or to have occurred at any time on or before the date of Plaintiffs' execution of this Agreement, whether asserted as an individual claim or action, or a class or collective claim or action on behalf of a class or collective action which includes any Releasor as either an actual or putative class or collective action member for wage and hour violations under the FLSA, NYLL or other law or statute (hereinafter collectively referred to as "Claims"). To the fullest extent permitted by law, the Claims being released include, but are not limited to, any and all Claims relating to employment compensation, wages (including overtime and spread of hour wages), bonuses, commissions and benefits with Releasors; any claims under federal, state law, statute, or regulation, including, without limitation:

(a) any claims or actions under the Fair Labor Standards Act of 1938;

(b) any claims or actions under any New York Labor Law; or any and all state laws;

2

(c)     any claims or actions for indemnification; and,

(d)     all claims for costs, attorneys' fees, and interest on behalf of Releasors and all of the attorneys who have represented them in pursuing these claims.

Releasors hereby covenant and agree not to file, commence or initiate any court suits, demands or causes of action against the Releasees based upon or relating to any of the specific claims released and forever discharged pursuant to this Agreement. Plaintiff represents that other than Plaintiff's Complaint in the Lawsuit, there are no pending lawsuits, charges or other claims of any nature whatsoever filed by him against Releasees in any state or federal court or agency or other administrative body.

3.     <u>Interest and Confession of Judgment</u>.  In the event that any payment due under this Agreement is not paid when due, Plaintiff shall provide Defendants with ten (10) days-written notice and an opportunity to cure the default.  In the event that Defendants fail to cure the default within the ten (10) day notice period, then (ii) Plaintiff shall be authorized to file the Affidavit of Confession executed by Defendant Corporations and Avraham Oz attached hereto as Exhibit A in the Supreme Court of the State of New York.

4.     <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

4.     <u>Representations and Warranties</u>.  Except for the Litigation, Plaintiff represents and warrants that he has not filed or caused to be filed any lawsuits or arbitrations against Defendants, or filed or caused to be filed any charges or complaints against Defendants with any municipal, state or federal agency charged with the enforcement of any law.  Plaintiff further represents, warrants and acknowledges that Defendants no longer owe him wages, commissions, bonuses, sick pay, personal leave pay, severance pay, vacation pay or other compensation or benefits or payments or form of remuneration of any kind or nature, arising from his employment for Defendants other than that specifically provided for in this Agreement.

5.     <u>Modification of the Agreement</u>:  This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff and Defendants.

5.     <u>Acknowledgments</u>:    Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

6.     <u>Notices</u>:        Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof.  Notice hereunder shall be delivered to:

To Plaintiff:

Michael Faillace, Esq.
**MICHAEL FAILLACE & ASSOCIATES, P.C.**
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com


To Defendants:

Mark M. Rottenberg
**Rottenberg Lipman Rich, P.C.**
230 Park Avenue, 18th Floor
New York, NY 10169
Tel: (212)-661-3080
Fax: (212)-867-1914
Email: mrottenberg@rlrpclaw.com

and

C. Zachary Rosenberg
**Rottenberg Lipman Rich, P.C.**
230 Park Avenue, 18th Floor
New York, NY 10169
Tel: 212-661-3080
Fax: 212-867-1914
Email:  zrosenberg@rlrpclaw.com


   7.     <u>Governing Law</u>:  This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof.  The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

   8.     <u>Enforceability:</u>  If the release in Section 3 of this Agreement is determined to be invalid or otherwise unenforceable, this Agreement shall be deemed to be invalid and unenforceable in its entirety, and Plaintiff and his attorney shall immediately return any payment made to them pursuant to the terms of this Agreement.  If any other provision of this Agreement is determined to be invalid or otherwise unenforceable, the validity of the remaining clauses and provisions shall not be affected.

   9.     <u>Release Notification</u>:  Plaintiff acknowledges that he has consulted with Michael Faillace & Associates, P.C. Plaintiff acknowledges that it is his choice to waive any potential claims released under this Agreement in return for the benefits set forth herein and that he made this decision after careful thought and a reasonable period of time to consider this Agreement, and

after an opportunity to consult with his attorneys.  Plaintiff confirms that this Settlement Agreement and Release has been translated to him in Spanish and that he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

10.    <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below.  This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart.  Signatures delivered by facsimile and/or email shall be effective for all purposes.

11.    <u>Entire Agreement</u>.  This Agreement contains the complete and entire understanding of the parties regarding the subject matter thereof.  In executing this Agreement, neither party relies on any term, condition, promise or representation other than those expressed in this Agreement.  This Agreement supersedes all prior and contemporaneous oral and written agreements and discussions with respect to the subject matter thereof.

*[signature page to follow]*

**IN WITNESS WHEREOF**, the parties hereto have executed this Agreement on the date first above written.

**ACCEPTED AND AGREED TO BY JAMIE GARCIA ALVAREZ:**

Jaime Garcia                              04 06 2021
                                          Date

**AGREED TO AND ACCEPTED BY DYCKMAN ELECTRONICS CENTER INC. (d/b/a DYCKMAN ELECTRONICS)**

BY:_____          _____
                                    Date

TITLE:_____

**AGREED TO AND ACCEPTED BY FRONT ROW ELECTRONICS LLC (d/b/a DYCKMAN ELECTRONICS)**

BY:_____          _____
                                    Date

TITLE:_____

**ACCEPTED AND AGREED TO BY AVRAHAM OZ:**

_____          _____
                                         Date

**ACCEPTED AND AGREED TO BY NURIEL GUEDALIA:**

_____          _____
                                         Date

6

**IN WITNESS WHEREOF**, the parties hereto have executed this Agreement on the date first above written.

**ACCEPTED AND AGREED TO BY JAMIE GARCIA ALVAREZ:**

_____          _____
                                                                      Date

**AGREED TO AND ACCEPTED BY DYCKMAN ELECTRONICS CENTER INC. (d/b/a DYCKMAN ELECTRONICS)**

BY:_____          4/7/21
                                                    Date

TITLE:_____

**AGREED TO AND ACCEPTED BY FRONT ROW ELECTRONICS LLC (d/b/a DYCKMAN ELECTRONICS)**

BY:_____          4/7/21
                                                    Date

TITLE:_____

**ACCEPTED AND AGREED TO BY AVRAHAM OZ:**

_____          4/7/21
                                                                      Date

**ACCEPTED AND AGREED TO BY NURIEL GUEDALIA:**

_____          4/7/21
                                                                      Date

6

ACCEPTED AND AGREED TO BY JACKIE OZ:

_____          _____
                                              Date

ACCEPTED AND AGREED TO BY ANGELA TORRES:

_____          _____
                                              Date

7

# EXHIBIT B

Privileged Settlement Communication

Subject to  Revision / Correction

| Plaintiff | Pay Period From | To | No. Weeks in Pay Period | Hours Per Week in Period | No. of SOH Days Per Wk in Period | Calc. Regular Rate of Pay | Calc. OT Rate of Pay | Minimum Wage Rate | Minimum Overtime (OT) | Lawful Weekly Pay | "Credited" Weekly Pay | Underpayment Per Week | Unpaid Wages & OT | Liq. Damages on Wages & OT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Jaime Garcia Alvarez | 7/1/2013 | 12/30/2013 | 26 | 59 | 0 | $ 5.08 | $ 7.63 | $ 7.25 | 10.88 | $ 496.63 | $ 300.00 | $ 196.63 | $ 5,112.25 | $ 5,112.25 |
| | 12/31/2013 | 12/30/2014 | 52 | 59 | 0 | $ 7.63 | $ 11.44 | $ 8.00 | 12.00 | $ 548.00 | $ 450.00 | $ 98.00 | $ 5,096.00 | 5,096.00 |
| | 12/31/2014 | 7/2/2015 | 26 | 59 | 0 | $ 7.63 | $ 11.44 | $ 8.75 | 13.13 | $ 599.38 | $ 450.00 | $ 149.38 | $ 3,883.75 | 3,883.75 |
| | 7/3/2015 | 12/30/2015 | 26 | 59 | 0 | $ 9.25 | $ 13.88 | $ 8.75 | 13.13 | $ 633.63 | $ 545.75 | $ 87.88 | $ 2,284.75 | 2,284.75 |
| | 12/31/2015 | 12/30/2016 | 52 | 59 | 0 | $ 10.20 | $ 15.30 | $ 9.00 | 13.50 | $ 698.70 | $ 601.80 | $ 96.90 | $ 5,038.80 | 5,038.80 |
| | 12/31/2016 | 12/30/2017 | 52 | 67 | 0 | $ 12.50 | $ 18.75 | $ 11.00 | 16.50 | $ 1,006.25 | $ 837.50 | $ 168.75 | $ 8,775.00 | 8,775.00 |
| | 12/31/2017 | 8/30/2018 | 35 | 67 | 0 | $ 13.50 | $ 20.25 | $ 13.00 | 19.50 | $ 1,086.75 | $ 904.50 | $ 182.25 | $ 6,378.75 | 6,378.75 |
| | 9/1/2018 | 12/30/2018 | 17 | 59 | 0 | $ 13.50 | $ 20.25 | $ 13.00 | 19.50 | $ 924.75 | $ 796.50 | $ 128.25 | $ 2,180.25 | 2,180.25 |
| | 12/31/2018 | 8/15/2019 | 32 | 59 | 0 | $ 13.50 | $ 20.25 | $ 15.00 | 22.50 | $ 1,027.50 | $ 796.50 | $ 231.00 | $ 7,392.00 | 7,392.00 |
| | | | | | | | | | | | | Total: | $ 46,141.55 | $ 46,141.55 |

1 This chart is based upon preliminary information and the expected testimony of Plaintiffs.
2 Plaintiffs reserve the right to correct or amend this chart.

Privileged Settlement Communication

Subject to  Revision / Correction

| Plaintiff | Pay Period From | To | Unpaid Spread of Hours (SOH) Pay | Liq. Damages on unpaid SOH | Annual Wage Notice | Weekly Wage Statement | Pre Jud. Interest (PJI) on OT & Wages | (PJI) Spread of Hours | Owed Additional Time | Total Per Period |
|---|---|---|---|---|---|---|---|---|---|---|
| Jaime Garcia Alvarez | 7/1/2013 | 12/30/2013 | $ - | $ - | $ 2,500.00 | $ 5,000.00 | $ 3,462.38 | $ - | | $ 21,186.88 |
| | 12/31/2013 | 12/30/2014 | | | | | $ 3,107.08 | | | $ 13,299.08 |
| | 12/31/2014 | 7/2/2015 | | | | | $ 2,105.09 | | | $ 9,872.59 |
| | 7/3/2015 | 12/30/2015 | | | | | $ 1,135.58 | | | $ 5,705.08 |
| | 12/31/2015 | 12/30/2016 | | | | | $ 2,164.60 | | | $ 12,242.20 |
| | 12/31/2016 | 12/30/2017 | | | | | $ 2,978.78 | | | $ 20,528.78 |
| | 12/31/2017 | 8/30/2018 | | | | | $ 1,687.20 | | | $ 14,444.70 |
| | 9/1/2018 | 12/30/2018 | | | | | $ 478.30 | | | $ 4,838.80 |
| | 12/31/2018 | 8/15/2019 | | | | | $ 1,303.60 | | | $ 16,087.60 |
| | | | | | | | | | | |
| | | | $ - | $ - | $ 2,500.00 | $ 5,000.00 | $ 18,422.60 | $ - | . | $ 118,205.70 |

| | |
|---|---|
| Filing Date | 10/7/2019 |
| FLSA | 10/7/2016 |
| NYLL | 10/7/2013 |
| Amendment | 4/9/2011 |
| Today | 4/7/2021 |

2 of 2

# EXHIBIT C

Privileged Settlement Communication                                                     Subject to  Revision / Correction

| Plaintiff | Pay Period From | To | No. Weeks in Pay Period | Hours Per Week in Period | No. of SOH Days Per Wk in Period | Calc. Regular Rate of Pay | Calc. OT Rate of Pay | Minimum Wage Rate | Minimum Overtime (OT) | Lawful Weekly Pay | "Credited" Weekly Pay | Underpayment Per Week | Unpaid Wages & OT | Liq. Damages on Wages & OT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Jaime Garcia Alvarez | 1/1/2017 | 12/31/2017 | 52 | 50 | 0 | $ 10.50 | $ 15.75 | $ 11.00 | $ 16.50 | $ 605.00 | $ 577.50 | $ 27.50 | $ 1,430.00 | $ 1,430.00 |
| | 1/5/2018 | 12/31/2018 | 51 | 42.5 | 0 | $ 12.00 | $ 18.00 | $ 13.00 | $ 19.50 | $ 568.75 | $ 525.00 | $ 43.75 | $ 2,231.25 | 2,231.25 |
| | 1/4/2019 | 8/27/2019 | 34 | 42.5 | 0 | $ 13.50 | $ 20.25 | $ 15.00 | $ 22.50 | $ 656.25 | $ 590.63 | $ 65.63 | $ 2,231.25 | 2,231.25 |
| | | | | | | | | | | | TOTAL: | | $ 5,892.50 | $ 5,892.50 |

1  This chart is based upon preliminary information and the expected testimony of Plaintiffs.
2  Plaintiffs reserve the right to correct or amend this chart.
3  This Chart was prepared without the benefit of discovery, or the benefit of Defendants' required wage and hour records under the FLSA and NYLL.

1 of 2

Privileged Settlement Communication

Subject to  Revision / Correction

| Plaintiff | Pay Period From | To | Unpaid Spread of Hours (SOH) Pay | Liq. Damages on unpaid SOH | Annual Wage Notice | Weekly Wage Statement | Pre Jud. Interest (PJI) on OT & Wages | (PJI) Spread of Hours | Total Per Period |
|---|---|---|---|---|---|---|---|---|---|
| Jaime Garcia Alvarez | 1/1/2017 | 12/31/2017 | $ - | $ - | $ 2,500.00 | $ 5,000.00 | $ 485.08 | $ - | $ 10,845.08 |
| | 1/5/2018 | 12/31/2018 | $ - | $ - | | | $ 554.96 | $ - | $ 5,017.46 |
| | 1/4/2019 | 8/27/2019 | $ - | $ - | | | $ 389.09 | $ - | $ 4,851.59 |
| | | | | | | | | | |
| | | | $ - | $ - | $ 2,500.00 | $ 5,000.00 | $ 1,429.13 | $ - | $ 20,714.13 |

| Filing Date | 10/7/2019 |
|---|---|
| FLSA | 10/7/2016 |
| NYLL | 10/7/2013 |
| Amendment | 4/9/2011 |
| Today | 4/7/2021 |

# EXHIBIT D

### Michael Faillace & Associates, P.C.
60 East 42nd Street
Suite 4510
New York, NY 10165

Ph:(212) 317-1200          Fax:(212) 317-1620


Jaime Garcia Alvarez                                                    April 8, 2021



|  | File #: | DyckmaElect2 |
|---|---|---|
| **Attention:** | Inv #: | 1246 |


**RE:**    Garcia Alvarez et l v. Dyckman Electronics Center, Inc. et al

| DATE | DESCRIPTION | HOURS | AMOUNT | LAWYER |
|---|---|---|---|---|
| Oct-29-19 | Filing Affidavit of Service for Dykman Electronics Inc. | 0.10 | 10.00 | PL |
| Mar-13-20 | telephone call w/ immigration lawyer re: power of attorney | 0.20 | 70.00 | GN |
| Apr-20-20 | calendared conference call in GNs and MFs calendar | 0.20 | 20.00 | PL |
| Apr-22-20 | telephone call w/ mediator and def attorney | 0.40 | 140.00 | GN |
| Apr-29-20 | tried calling both of plaintiffs brothers to ask about them for an update on the plaintiffs situation | 0.10 | 10.00 | PL |
|  | prepared damages chart for the case | 0.70 | 70.00 | PL |
| May-21-20 | conference with cl re: settlement | 0.20 | 70.00 | GN |
|  | Telephone call with clients brother to gain access to speak with client | 0.20 | 20.00 | PL |
|  | E-mailed GN a settlement summary from our conversation with the client | 0.10 | 10.00 | PL |
|  | translate for attorney and plaintiff | 0.20 | 20.00 | PL |
| May-26-20 | email w/ opposing counsel | 0.10 | 35.00 | GN |

| Date | Description | Hours | Amount | |
|------|-------------|-------|--------|---|
| Jun-08-20 | review def documents, intake, strategy | 1.20 | 420.00 | GN |
| Jun-11-20 | review mediator email and email opposing counsel | 0.10 | 35.00 | GN |
| | draft extension ltr | 0.10 | 35.00 | GN |
| Jun-19-20 | email w/ pl re: mediation scheduling | 0.10 | 35.00 | GN |
| Jun-24-20 | review def email re: confidentiality agreement and reply | 0.10 | 35.00 | GN |
| | email w/ mf re: sett strategy | 0.20 | 70.00 | GN |
| | email w/ def attorney re: confidentiality | 0.10 | 35.00 | GN |
| Jun-29-20 | email w/ opposing counsel re: mediation docs | 0.10 | 0.00 | MF |
| | review and reply to def email | 0.10 | 35.00 | GN |
| Jul-06-20 | text w/ pl to advise cl of status | 0.10 | 35.00 | GN |
| Jul-07-20 | review mediator's emails | 0.10 | 35.00 | GN |
| | review def produced docs | 2.10 | 735.00 | GN |
| Jul-08-20 | review def produced documents | 1.50 | 525.00 | GN |
| Jul-09-20 | continue review def produced documents, notes | 0.80 | 0.00 | GN |
| | start draft of mediation statment | 0.20 | 0.00 | GN |
| | draft, review, and edit mediation statement | 1.10 | 0.00 | GN |
| | telephone call w/ mf re: strategy | 0.10 | 35.00 | GN |
| | legal research regular rate of net payroll divided by 40 or hours worked | 0.50 | 175.00 | GN |
| | telephone call w/ MF re: strategy | 0.10 | 35.00 | GN |
| | edit and finalize mediation statement, email mediator | 0.30 | 105.00 | GN |

| | | | | |
|---|---|---|---|---|
| | telephone call w/ mf again re: strategy and calculation of damages | 0.20 | 70.00 | GN |
| | email pl re: telephone client | 0.10 | 35.00 | GN |
| Jul-10-20 | reply to pl email re: calling cl | 0.10 | 35.00 | GN |
| | telephone call w/ cl re: settlement strategy | 0.50 | 175.00 | GN |
| | discuss interpertation with pl and email pl | 0.20 | 0.00 | GN |
| Jul-13-20 | email opposing counsel re: eamils for mediation | 0.10 | 35.00 | GN |
| | email the email to mediator | 0.10 | 35.00 | GN |
| | telephone call w/ mediator and parties re: procedure for mediation and test zoom | 0.10 | 35.00 | GN |
| | Participating in pre-mediation meeting via Zoom | 0.70 | 87.50 | PL |
| Jul-14-20 | mediation | 4.50 | 1,575.00 | GN |
| | update mf re: mediation | 0.10 | 35.00 | GN |
| | Attending mediation and interpreting for client | 4.50 | 562.50 | PL |
| Jul-15-20 | email opposing counsel re: continue mediation | 0.10 | 0.00 | GN |
| | discuss status w/ mf and pl | 0.10 | 35.00 | GN |
| Jul-16-20 | reply to opposing counsel re: scheduling follow up call | 0.10 | 0.00 | GN |
| Jul-17-20 | telephone call w/ opposing counsel re: scheduling follow up mediation | 0.10 | 35.00 | GN |
| Jul-23-20 | email opposing counsel re: scheduling | 0.10 | 35.00 | GN |
| | email opposing counsel re: scheduling mediation follow up call | 0.10 | 0.00 | GN |
| Aug-02-20 | telephone call w/ mf and cl re: status | 0.10 | 35.00 | GN |

| | | | | |
|---|---|---|---|---|
| Aug-06-20 | Reviewed note from mediation dept. requesting confirmation of whether mediation is finished or continuing.  Sent note to staff requesting immediate response; filed note in proper folder for future referenc | 0.20 | 90.00 | MF |
| Aug-13-20 | Reviewed mediator's report to the court that the mediation was not successful; directed staff to update case chart ;  filed notice in the proper folder for future reference | 0.30 | 135.00 | MF |
| | review ecf bounces | 0.10 | 35.00 | GN |
| Sep-04-20 | review docket, email pl to do 26a | 0.10 | 35.00 | GN |
| | edit initial  disclosures, damges, draft extension ltr, email opposing counsel | 0.60 | 210.00 | GN |
| | text w/ pl re: sending initial disclosures | 0.10 | 35.00 | GN |
| | email w/ pl re: cert of service | 0.10 | 35.00 | GN |
| | attached the exhibits and bate stamped the clients docs | 0.50 | 62.50 | PL |
| | drafted certificate of service and sent it to GN | 0.20 | 25.00 | PL |
| Sep-10-20 | download and send video to pl | 0.10 | 35.00 | GN |
| Sep-12-20 | email pl and plan depostion notices and schedule | 0.20 | 70.00 | GN |
| Sep-15-20 | telephone call w/ pl re: ·deposition notices | 0.10 | 35.00 | GN |
| Sep-17-20 | review ·deposition notices | 0.10 | 35.00 | GN |
| Sep-23-20 | email w/ opposing counsel and telephone call w/ pl re: opposing counsel address | 0.10 | 35.00 | GN |
| Oct-01-20 | telephone call w/ opposing counsel re: sett and ·DEPOSITION of scheduling | 0.10 | 35.00 | GN |
| Oct-02-20 | review opposing counsel email to mediator | 0.10 | 35.00 | GN |
| Oct-05-20 | email opposing counsel re: mediation dates | 0.10 | 35.00 | GN |
| Oct-08-20 | Reviewed court notice of plaintiffs' filing of | 0.40 | 180.00 | MF |

|  |  |  |  |  |
|---|---|---|---|---|
|  | motion for an extension of discovery; discussed status of the case with GN; directed staff to update case chart ; filed notice in the proper folder for future reference |  |  |  |
|  | Reviewed court order granting plaintiffs' motion for an extension of discovery with a warning that no more extensions will be granted ; discussed status of the case with GN; directed staff to update case chart ; filed notice in the proper folder for future reference | 0.30 | 135.00 | MF |
|  | review ecf, email opposing counsel re: ·deposition dates | 0.10 | 35.00 | GN |
| Oct-12-20 | email response to opposing counsel re: deposition dates | 0.10 | 35.00 | GN |
|  | review opposing counsel and mediator emials, email pl to do | 0.10 | 35.00 | GN |
| Oct-15-20 | email opposing counsel | 0.10 | 35.00 | GN |
| Oct-20-20 | telephone call w/ pl re: tomorrows mediation, review email | 0.10 | 35.00 | GN |
| Oct-21-20 | discussed settlement terms with GN | 0.10 | 45.00 | MF |
|  | discussed with GN the results of the mediation and the course of action we will follow with the defendants | 0.20 | 90.00 | MF |
|  | preparation for mediation | 0.20 | 70.00 | GN |
|  | mediation and telephone call w/ opposing counsel (.1) re: deposition dates | 2.50 | 875.00 | GN |
|  | discuss mediation result with mf | 0.10 | 35.00 | GN |
| Oct-27-20 | email w/ pl re: defendant jackie oz | 0.10 | 35.00 | GN |
| Oct-28-20 | strategy, email opposing counsel re: call regarding discovery | 0.10 | 35.00 | GN |
|  | telephone call w/ opposing counsel re: discovery and review def produced documents | 0.50 | 175.00 | GN |
| Oct-29-20 | conference with / opposing counsel re: sett (2 times) | 0.20 | 70.00 | GN |

|           |                                                                                                                                                                                                                 |      |        |    |
|-----------|-----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|------|--------|----|
|           | telephone call w/ opposing counsel re: sett and depositions                                                                                                                                                      | 0.10 | 35.00  | GN |
|           | telephone call w/ mf re: settlement                                                                                                                                                                              | 0.10 | 0.00   | GN |
| Nov-03-20 | discuss strategy w/ mf                                                                                                                                                                                           | 0.10 | 35.00  | GN |
|           | review pl and mf emails                                                                                                                                                                                          | 0.10 | 35.00  | GN |
| Nov-05-20 | review mf email and telephone call w/ opposing counsel re: sett                                                                                                                                                  | 0.10 | 35.00  | GN |
| Nov-24-20 | email opposing counsel re: stip and extension of discovery                                                                                                                                                       | 0.10 | 0.00   | GN |
| Dec-03-20 | Reviewed judge's court order scheduling   pre-trial conference via phone and requiring parties to be ready for discussing all the pre-trial requirements they need to meet ;  directed staff to update case chart ;  filed notices in the proper folder for future reference | 0.30 | 135.00 | MF |
| Dec-11-20 | email opposing counsel re: stip and depostitions                                                                                                                                                                 | 0.10 | 35.00  | GN |
| Jan-18-21 | telephone call w/ mf, cl, then opposing counsel re: sett                                                                                                                                                         | 0.40 | 140.00 | GN |
| Jan-21-21 | Reviewed court order granting  motion to adjourn conference and requiring  parties to file the cheeks documents ;  directed staff to update case chart ;  filed notice in the proper folder for future reference | 0.40 | 180.00 | MF |
|           | telephone call w/ opposing counsel, mf, and cl re: sett                                                                                                                                                          | 0.20 | 70.00  | GN |
|           | telephone call w/ opposing counsel re: sett                                                                                                                                                                      | 0.10 | 35.00  | GN |
|           | telephone call w/ opposing counsel, mf, and cl again re: sett                                                                                                                                                    | 0.20 | 70.00  | GN |
| Feb-25-21 | telephone call w/ opposing counsel re: sett agreement                                                                                                                                                            | 0.20 | 70.00  | GN |
|           | another call w/ opposing counsel re: sett agreement                                                                                                                                                              | 0.40 | 140.00 | GN |
| Feb-26-21 | review and edit draft agreement                                                                                                                                                                                  | 0.20 | 70.00  | GN |

|  |  |  |  |  |
|---|---|---|---|---|
|  | review def email and review their draft agreement, reply | 0.10 | 35.00 | GN |
| Mar-03-21 | review Judges order, email opposing counsel re: ·deposition dates | 0.10 | 35.00 | MF |
| Mar-12-21 | telephone call w/ opposing counsel re: sett confessions | 0.10 | 35.00 | GN |
| Mar-15-21 | discuss confession of judgment with opposing counsel | 0.10 | 35.00 | GN |
| Mar-23-21 | telephone call w/ cl re: confessions from only 1 individual | 0.10 | 35.00 | GN |
|  | Totals | 35.30 | $9,832.50 |  |

## DISBURSEMENTS

|  |  |  |
|---|---|---|
|  | Filing Fee | 400.00 |
| Oct-24-19 | Process Server: Service through Secretary of State on Dyckman Electronics Center Inc. | 64.00 |
| Oct-29-19 | Process Server: Service on Jackie Oz | 50.00 |
|  | Process Server: Service on Avraham Oz | 50.00 |
|  | Process Server: Service on Nuriel Guedalia | 50.00 |
|  | Process Server: Service on Angela Torres | 50.00 |
|  | Totals | $664.00 |

**Total Fee & Disbursements**                                    **$10,496.50**

**Balance Now Due**                                              **$10,496.50**